IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dennis M. Gallipeau, ) | |
| ) | C/A No. 3:09-1883-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Linda Mickens Hamm, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Dennis M. Gallipeau ("Plaintiff")filed this action pursuant to 42 U.S.C. §1983. This matter is before the court on Plaintiff's Motion for Relief from Judgment (ECF No. 145). Defendant Linda Mickens hamm ("Defendant") has filed a response opposing the motion. (ECF No. 147). For the reasons set forth below, Plaintiff's Motion for Relief from judgement is denied.

A motion to reconsider a judgment may be construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), or a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed.R.Civ.P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008). Because Plaintiff filed his motion more than 28 days after the judgment, his motion will be considered under Rule 60(b).

To set aside a judgment under Rule 60(b), a movant must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir.1993) (quoting *Werner v. Cabo*, 731 F.2d 204, 207 (4th Cir. 1984)). After making these threshold showings, the movant must then satisfy one of the six enumerated grounds for relief under Rule

60(b). *Dowell*, 993 F.2d at 48. Those enumerated grounds are the following:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1). Rule 60(b)(6) does not impose a one year bar. As the judgment was entered August 24, 2012, Plaintiff is time-barred from asserting the grounds found at Rule 60(b)(1)-(b)(3). And subsections (b)(4) and (b)(5) are clearly inapplicable. Thus, Plaintiff's only possible ground for relief is subsection (b)(6), "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). However, the catchall provision of Rule 60(b)(6) may only be invoked in "truly extraordinary circumstances." *Aikens,* 652 F.3d at 500. Furthermore, "if reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment," then Rule 60(b)(6) relief is not available. *Id.*[1]

Plaintiff has not demonstrated his motion is timely or that his motion meets any of the

---

[1]Further, the provisions of Rule 60(b) (1), (2), or (3) and (6) are "mutually exclusive, and thus a party who failed to take timely action [based upon newly discovered evidence, mistake, or fraud] may not seek relief more than a year after the judgment by resorting to subsection (6)." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 393 (1993).

other requirements as set forth above. And, even if Plaintiff were able to satisfy those requirements, his motion inevitably fails on the merits.

On August 24, 2012, the court granted Defendant summary judgment on the ground that Plaintiff had failed to exhaust his administrative remedies, and dismissed this action without prejudice. (ECF No. 135). Plaintiff appealed and on December 27, 2012, the Fourth Circuit Court of Appeals affirmed. *Gallipeau v. Mickens-Ham*, 502 Fed.Appx. 258 (4th Cir. 2012)(unpublished). On December 12, 2013, Plaintiff filed this motion for relief from judgment on the ground of newly discovered evidence.

Specifically, Plaintiff contends that, in granting Defendant summary judgment, the court took judicial notice of a grievance policy that was never adopted or implemented by the Lexington County Detention Center. Plaintiff states that he only recently discovered that the grievance policy was never adopted or implemented when he received discovery responses in a currently pending action, *Gallipeau v. Mickens-Hamm*, C/A No. 3:13-505-TMC-BM. Plaintiff contends that Lexington Country Sheriff James Metts denied the genuineness of the grievance policy and stated that specific grievance policy was never adopted or implemented.

In her response, Defendant argues in his discovery Plaintiff sought authentication of a draft version of the 2003 grievance policy, but Plaintiff did not ask whether there was any grievance policy in place nor what such grievance policy provided as far as exhaustion. Defendant states that a 1999 version of the grievance policy was in place at the time of Plaintiff's incarceration and it contained the ten-day timeline for responding to inmates' grievances which the court relied upon in its order granting summary judgment.

First, there is nothing in the record which demonstrates that Plaintiff could not have discovered this evidence earlier. And, second, in any event, the court finds that the evidence does not warrant relief because, as Defendant argues, it does not establish that a different timeline for

3

grievance responses was in place during Plaintiff's incarceration.

For the foregoing reasons, Plaintiff has failed to identify any extraordinary circumstances or other grounds warranting relief from judgment under Rule 60(b). Accordingly, Plaintiff's Motion for Relief from Judgment (ECF No. 145) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 30, 2014