IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Dennis M. Gallipeau, | ) | |
| | ) | C/A No. 3:09-1883-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Linda Mickens Ham, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Dennis M. Gallipeau ("Plaintiff") filed this action pursuant to 42 U.S.C. §1983. This matter is before the court on Plaintiff's Motion for Relief from Judgment. (ECF No. 156). Defendant Linda Mickens Ham ("Defendant") has filed a response opposing the motion. (ECF No. 157). For the reasons set forth below, Plaintiff's Motion for Relief from judgement is denied.

This is Plaintiff's second motion seeking relief from judgment in this action. (ECF No. 145). The court previously denied Plaintiff's Motion for Relief from Judgment finding Plaintiff had not shown he was entitled to relief under Fed.R.Civ.P. 60(b). (ECF No. 148). Plaintiff now seeks to set aside the judgment entered in this case on the ground that there was a fraud committed upon the court pursuant to Fed.R.Civ. P. 60(d)(3). (ECF No. 156).

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: (1) mistake, inadvertence, surprise, or neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and (6) "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1)-(6). Furthermore, pursuant to Rule 60(d) a court has the "power to . . . set aside a judgment for fraud on the court." Fed.R.Civ.P.

60(d)(3).

However, not all fraud is considered to be fraud on the court. *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982). Courts have held that fraud on the court "should be construed very narrowly," and "is typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Id.* "By contrast, perjury and fabricated evidence alone, being evils which can be exposed by the normal adversary process, do not constitute grounds for relief as 'fraud on the court.'" *Rainwater v. Mallas*, C/A No. 94-1122, 1994 WL 712570, at *2 (4th Cir. Dec. 23, 1994) (per curiam) (*citing Great Coastal Express*, 675 F.2d at 1357); *see also In re Genesys Data Techs., Inc.*, 204 F.3d 124, 130-31 (4th Cir. 2000). Plaintiff's allegations do not satisfy the demanding standard for setting aside a judgment for fraud on the court.

Plaintiff contends that Defendant "planned and schemed to misrepresent the administrative remedies available to Plaintiff at the Lexington County Detention Center." (ECF 156 at 1). He contends that the grievance policy of the Lexington County Detention Center was never made available to him and the summary which was available to him was not accurate. *Id*. at 2-3. Specifically, he alleges the summary states that a response to a grievance will be made within ten days, but the policy actually allows ten working days for a response. *Id*. at 3. Because Plaintiff had the opportunity to discover any alleged fraud before the judgment was entered in this action, Plaintiff cannot establish the type of gross injustice justifying relief or that fraud prevented fair adjudication of the issues through the ordinary judicial process so as to satisfy Rule 60(d)(3).

In her response to this motion, Defendant requests that the court count this case as a strike pursuant to the Prison Litigation Reform Act, 28 U.S.C. §1915 (g) (counting as strikes any

action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."). As this case is not an action which was dismissed as frivolous or malicious, or because it failed to state a claim upon which relief may be granted, the court declines to impose a strike. However, Plaintiff is ordered to cease filing groundless and/or inappropriate motions in this case, and his failure to comply with this requirement may result in the imposition of filing restrictions.

Accordingly, Plaintiff's Motion for Relief from Judgment pursuant to Fed.R.Civ.P. 60(d)(3) (ECF No. 156) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 9,  2014

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.

3